1

2

3

4

5

6

7

8

9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13  ALBERTO ZAMORA,                          CASE NO. CV F 13-0050 LJO SKO

14              Plaintiff,                   **ORDER TO DISMISS REMAINING**
                                             **DEFENDANTS**
15        vs.                                (Doc. 11.)

16  CITIMORTGAGE, INC., et al.,

17              Defendants.
                                        /
18

19                          **BACKGROUND**

20        This Court's February 1, 2013 order ("February 1 order") dismissed with prejudice defendants

21  CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation and noted plaintiff Alberto Zamora's

22  ("Mr. Zamora's") attempt to thwart, delay or complicate post-foreclosure

23  matters.  The February 1order noted irreparable deficiencies in Mr. Zamora's operative complaint

24  ("complaint").  The February 1 order required Mr. Zamora, no later than February 9, 2013, to file papers

25  to show cause why this Court should not dismiss this action against any remaining defendants, including

26  Cal-Western Reconveyance Corp.  The February 1 order "**ADMONISHES Mr. Zamora that this**

27  **Court will dismiss this action against any remaining defendants, including Cal-Western**

28  **Reconveyance Corp., if Mr. Zamora fails to comply with this order and fails to file timely papers**

                                             1

1  **to show cause why this Court should not dismiss this action against any remaining defendants,**

2  **including Cal-Western Reconveyance Corp.**"   (Bold in original.)   Mr. Zamora filed no papers to

3  address why this Court should not dismiss any remaining defendants.

4  **DISCUSSION**

5  **Failure To Comply With Orders**

6        This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

7  [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and

8  all sanctions . . . within the inherent power of the Court." District courts have inherent power to control

9  their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate

10  . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

11  dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g.,*

12  *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

13  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

14  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

15  for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone*

16  *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

17  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution

18  and failure to comply with local rules).

19        In determining whether to dismiss an action for failure to comply with a court order or local rules

20  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

21  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

22  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

23  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

24  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

25        In this case, the public's interest in expeditiously resolving this litigation and the Court's interest

26  in managing its docket weigh in favor of dismissal as Mr. Zamora indicates a lack of interest to further

27  litigate or prosecute legitimate claims, if any, he may have.  The third factor -- risk of prejudice to

28  defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

2

1    of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

2    The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

3    by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure

4    to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

5    *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The February

6    1 order "**ADMONISHES Mr. Zamora that this Court will dismiss this action against any**

7    **remaining defendants, including Cal-Western Reconveyance Corp., if Mr. Zamora fails to comply**

8    **with this order and fails to file timely papers to show cause why this Court should not dismiss this**

9    **action against any remaining defendants, including Cal-Western Reconveyance Corp.**"  (Bold in

10    original.)  Mr. Zamora offers nothing to support pursuit of frivolous claims against any remaining

11    defendants, including Cal-Western Reconveyance Corp.  As such, Mr. Fagone has failed to comply with

12    the February 1 order despite adequate warning that dismissal will result from disobedience of this

13    Court's order.

14        Moreover, the February 1 order demonstrates that the complaint lacks a viable claim.  This Court

15    construes absence of a meaningful response to the February 1 order as a concession that Mr. Zamora

16    lacks viable claims against any remaining defendants, including Cal-Western Reconveyance Corp.  As

17    detailed in the February 1 order, the complaint's claims fail as barred legally.  Mr. Zamora lacks viable

18    claims to further warrant dismissal of this action in its entirety.

19        This Court surmises that Mr. Zamora pursues this action in absence of good faith and seeks to

20    exploit the court system to thwart, delay or complicate post-foreclosure matters.   The test for

21    maliciousness is a subjective one and requires the court to "determine the . . . good faith of the

22    applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795

23    F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

24    inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of

25    good faith or malice also can be inferred from a complaint containing untrue material allegations of fact

26    or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th

27    Cir. 1984).  An attempt to thwart, delay or complicate post-foreclosure matters provides further grounds

28    to dismiss this action against any remaining defendants, including Cal-Western Reconveyance.

1

**CONCLUSION AND ORDER**

2      For the reasons discussed above, this Court:

3      1.      DISMISSES this action without prejudice against any remaining defendants, including

4            Cal-Western Reconveyance Corp.; and

5      2.      DIRECTS the clerk to enter judgment in favor of defendant Cal-Western Reconveyance

6            Corp. and against plaintiff Alberto Zamora and to close this action.

7      IT IS SO ORDERED.

8   **Dated:**    **February 12, 2013**      **/s/  Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28